**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

DONALD F. KOBERSTEIN, AS LEGAL  :
GUARDIAN OF JENNIFER KOBERSTEIN :
3070 West Canal  :
Port Clinton, Ohio 43452  :
  :
   Plaintiff  :
  :
  v.  :  Case No. _____
  :
UNITED STATES OF AMERICA  :
  :
**SERVE**:  :
  Francis S. Collins, M.D., Director :
  National Institutes of Health  :
  Clinical Center, Building 1, Room 118A :
  1 Center Drive  :
  Bethesda, Maryland 20814  :
  :
  Walter J. Koroshetz, M.D., Director :
  National Institute of Neurological :
   Disorders and Stroke  :
  Building 31, Room 8A52  :
  31 Center Drive  :
  Bethesda, Maryland 20814  :
  :
  U.S. Department of Health and Human Services :
  General Law Division  :
  330 Independence Avenue, S.W. :
  Washington, D.C. 20201  :
  :
  Robert K. Hur, U.S. Attorney, District of Maryland :
  6406 Ivy Lane, Suite 600  :
  Greenbelt, Maryland 20770  :
  :
  Matthew Whitaker, Acting Attorney General :
  U.S. Department of Justice  :
  950 Pennsylvania Avenue, N.W. :
  Washington, D.C. 20530-0001  :
  :
   Defendant  :

## COMPLAINT

COME NOW the Plaintiffs, Donald Koberstein who has legal power of attorney over Jennifer Koberstein, and Jennifer Koberstein, by and through their counsel Stuart N. Herschfeld, Esq. and the law firm of Brault Graham, LLC, hereby make a claim against Prashant Chittiboina, M.D., the National Institutes of Health, the United States Department of Health and Human Services, and the United States of America. The amount of this claim exceeds $75,000 (Seventy Five Thousand Dollars), and venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1346(b). The matter arose out of Montgomery County, Maryland. This action arises under the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*)

## FACTS COMMON TO ALL COUNTS

1.      Plaintiff, Donald Koberstein, as legal guardian over Jennifer Koberstein, is an adult citizen and resident of the State of Ohio.

2.      Plaintiff, Jennifer Koberstein, is an adult citizen and currently a resident of the State of Ohio.

3.      Health Care Provider Prashant Chittiboina, M.D., is organized within the State of Maryland and licensed to provide services at the National Institutes of Health located in Montgomery County, Maryland, and by statute, was Ms. Koberstein's health care provider. Dr. Chittiboina held himself out as a competent provider of medical services. At all times relevant, Dr. Chittiboina acted directly and through his actual and/or apparent agents, servants and/or employees all of whom were acting within their scope of agency and employment.

4.      The Health Care Provider, Prashant Chittiboina, M.D., (hereinafter "Health Care Provider") is a health care provider within the meaning of § 3-2A-02 of Maryland Cts. & Jud. Proc. Code Ann.

5.      The National Institutes of Health is organized within the State of Maryland and licensed to provide medical services in Montgomery County, Maryland, and by statute, was Ms. Koberstein' s health care provider.

6.      Health Care Provider Prashant Chittiboina, M.D., through his employment and or scope of agency with The National Institutes of Health, and thereby an employee and/or agent of the United States Government, therefore, submits the United States Government to the same requirements and necessities as Ms. Koberstein's health care provider, and therefore, under Maryland law, is Ms. Koberstein's health care provider.

7.      The National Institutes of Health is organized under the United States Department of Health and Human Services.  It acts as an agent, servant and/or employee for and on behalf of the United States Government for the benefit of certain United States citizens and military personnel.

8.      A Form 95 claim was presented to the Department of Health and Human Services, General Law Division, 330 Independence Avenue, S.W., Washington, D.C. 20201; The National Institutes of Health, Clinical Center, Building 1, Room 118A, 1 Center Drive, Bethesda, Maryland 20814; and The National Institute of Neurological Disorders and Stroke, Building 31, Room 8A52, 31 Center Drive, Bethesda, Maryland 20814.  On August 21, 2018, The General Counsel's Office for the Department of Health & Human Services issued notification that the Form 95 claim was rejected.  This claim is now being asserted in this Court, and concurrently, before the Health Care Alternative Dispute Resolution Office of Maryland, 6 St. Paul Street, Suite 1501, Baltimore, Maryland 21202.

9.      At all times relevant hereto, the Health Care Provider did undertake to render medical and surgical treatment and care to the Claimant, Jennifer Koberstein, and therefore it

became the Health Care Provider's duty to exercise the degree of skill, knowledge and expertise which is ordinarily possessed by reasonably competent health care providers under like or similar circumstances.

10.     The Health Care Provider, their agents, servants and/or employees were bound to possess and exercise at least ordinary and reasonable skill, knowledge and expertise in examining, treating and caring for the Claimant, Jennifer Koberstein.

11.     At all times relevant hereto, the Health Care Provider Chittiboina was a duly licensed physician holding himself out to the public, including to the Claimant herein, as a competent and skilled health care provider who would properly examine, diagnose, treat, consult, refer, and administer to patients who might submit to their care and professional treatment.

12.     Jennifer Koberstein was born on October 10, 1967.

13.     In 2002, Claimant Jennifer Koberstein was diagnosed with Cushing's disease and received treatment and care for said syndrome.

14.     In January 2003, Claimant underwent a resection of a pituitary adenoma at the University of Michigan without complication.

15.     In 2007, Claimant reported symptoms of her recurrence of her Cushing's to her health care providers, and an MRI performed in 2010 showed questionable evidence of pituitary adenoma.  A repeat MRI in 2011 showed possible recurrent pituitary adenoma.

16.     In February 2011, Claimant underwent a repeat pituitary resection surgery at the Baltimore Veterans' Administration Hospital without complication.

17.     In 2013, Claimant reported recurrence of her Cushing's symptoms to include but not limited to headaches, migraines, easy bruisability, muscle aches, and cramping with increased fatigue.

18.     On November 19, 2015, Claimant consulted with the Health Care Provider Prashant Chittiboina, M.D. for the purposes of considering a third pituitary surgery. During the course of this discussion, at no time did the Health Care Provider inform the Plaintiff regarding his personal experience in performing in general pituitary surgery and more specifically the pituitary surgical procedure that he intended to perform upon her. The Health Care Provider further failed to inform the Claimant that there were other, more experienced neurological surgeons with greater competence and experience to perform this very complicated and delicate surgical procedure.

19.     On January 25, 2016, Claimant was admitted to the National Institutes of Health in advance of her surgical procedure to be performed by the Health Care Provider the following day.

20.     On January 26, 2016, the Health Care Provider proceeded to perform a surgical resection of a recurrent pituitary adenoma on the right side. However, during the course of dissection and resection, the Health Care Provider drove a high-speed Midas Rex drill through the right anterior inferior aspect of the sellar bone at which point a severe amount of bleeding was encountered. Due to the magnitude, velocity as well as the oxygenated color of the blood, it was determined to be arterial in nature, indicating that the carotid artery had been severely damaged. At this point, the surgery was postponed and efforts were made to save Ms. Koberstein's life as this was a dire emergent surgical problem.

21.     The facility where the Health Care Provider chose to operate upon the Claimant did not have a neurological intensive care unit nor the capability to manage a patient with such a complication and made arrangements for her transfer to Suburban Hospital in Bethesda, Maryland for management of her life-threatening situation.

22.     On January 30, 2016, the Health Care Provider was present in the interventional radiology suite for an attempted reopening of the sublabial transsphenoidal approach and removal

5

of sphenoid packs. After the removal of the first pack without bleeding, the health care provider attempted to remove the second pack, which resulted in brisk arterial bleeding at which point the Health Care Provider repacked the sphenoid. A consultation was then obtained with Johns Hopkins, specifically Dr. Alex Coon, a neurological surgeon, who agreed to accept the patient as a transfer.

23.      The patient was transferred overnight and arrived at Johns Hopkins Hospital in Baltimore, Maryland at approximately 0330 and was transferred to the neurological critical care unit, at which point she was noted to be hemiplegic on the left and not following commands. Claimant was subsequently diagnosed as having suffered a hemorrhagic stroke on the left, causing physical, cognitive and neurological injuries that are severe and permanent in nature.

## COUNT I (Medical Negligence)

24.      Claimant Donald Koberstein, on behalf of Jennifer Koberstein, hereby incorporate all previous paragraphs as if restated herein.

25.      The United States Government, through the Department of Health and Human Services, and the National Institutes of Health through its agents, servants and/or employees including but not limited to Prashant Chittiboina, M.D., were negligent and deviated from the standard of care of a reasonably competent physician by failing to properly perform a neurological surgical procedure and to obtain a patient's informed consent with respect to the surgical procedure performed on January 26, 2016.

26.      The Health Care Provider, Prashant Chittiboina, M.D., undertook to examine and treatment Claimant Jennifer Koberstein. Consequently, Dr. Chittiboina agreed to and had a duty to provide medical and surgical care, fully and in keeping with the national standard of care

6

expected and required of a reasonably prudent and reasonably competent health care provider under the circumstances that existed.

27.     The Health Care Provider Prashant Chittiboina, M.D., was negligent and failed to conform his conduct to the national standard of care expected and required of reasonably prudent and reasonably competent health care providers and breached the standard of care in the following ways, among others:

a.     Failed to properly perform an assessment and evaluation of patient's complaint;

b.     Failed to take an appropriate medical history;

c.     Failed to obtain patient's informed consent to proceed with a surgical procedure;

d.     Failed to properly perform the intended surgical procedure;

e.     Failed to ensure that if an emergent situation arose during the course of the surgical procedure, that all steps would be taken to properly address the surgical risks;

f.     The Health Care Provider was otherwise negligent in his care and treatment of the Claimant; and

g.     Claimant assert the claim of res ipso loquitor.

28.     As a direct and proximate result of the aforesaid negligence of the Health Care Provider Prashant Chittiboina, M.D., Claimant developed a hemorrhagic stroke which impacted all aspects of function to include but not limited to injury to her brain, left side of her body impacting issues of mobility, cognitive ability, psychological and social ability, and functioning in every aspect of her life.

29.     As a direct and proximate result of the aforesaid negligence of the Health Care Provider Prashant Chittiboina, M.D., Claimant has suffered and will continue to suffer in the future great conscious pain and suffering, mental anguish, discomfort, inconvenience, disability, and other physical and emotional issues.

30.     As a direct and proximate result of the aforesaid negligence of the Health Care Provider Prashant Chittiboina, M.D., Claimant has incurred past medical expenses and will incur future medical expenses for her medical, surgical, hospital, therapies, modalities, and all aspects of activities of daily living as well as travel costs associated with obtaining treatment and care.

31.     As a direct and proximate result of the aforesaid negligence of the Health Care Provider Prashant Chittiboina, M.D., Claimant has suffered loss of past income and loss of future income.

32.     As a direct and proximate result of the aforesaid negligence of the Health Care Provider Prashant Chittiboina, M.D., Claimant has been otherwise injured and damaged all without any negligence on her part contributing thereto.

33.     Claimant therefore respectfully makes a claim for any and all further injuries and damages recoverable under the common law and statutory law of the State of Maryland.

WHEREFORE, Claimant demands judgment from and against the Health Care Provider, jointly and severally, with the costs of this action and any other relief deemed just, fair and proper by this Administrative Proceeding.

### COUNT II (Lack of Informed Consent)

34.     Claimant Donald Koberstein, on behalf of Jennifer Koberstein, hereby incorporate all previous paragraphs as if restated herein.

35.     That as a failure to properly advise the Claimant as to his experience and expertise in performing resection of a pituitary adenoma in general and more specifically as it would apply to her case, he failed to have properly obtained the patient's informed consent and therefore failed to discuss all appropriate risks, benefits and alternatives to the treatment before proceeding.

36.     That the Health Care Provider failed to inform the Claimant of his lack of experience and expertise in performing the specific procedure intended such that she would have an opportunity to obtain a second opinion or consultation with a more experienced neurological surgeon who would have proceeded and not encountered the complications that arose on January 26, 2016.

37.     That the Claimant was never informed by the Health Care Provider Prashant Chittiboina, M.D. that he lacked the experience and expertise to perform this complicated neurological surgical procedure. Had the Claimant been aware of such lack of experience, she would have had an opportunity to obtain a second opinion and/or consultation with a more experienced neurological surgeon.

38.     As a direct and proximate cause of the departures from the standard of care by the Health Care Provider, acting by and through its agents, servants and/or employees, and without any negligence on Claimant's part, Claimant has suffered a hemorrhagic stroke that has resulted in life-changing consequences for the Claimant.

### Damages

39.     Claimant Donald Koberstein, on behalf of Jennifer Koberstein, hereby incorporate all previous paragraphs as if restated herein.

40.     At the time of the surgical procedure performed on January 26, 2016, Claimant Jennifer Koberstein was 48 years old, living independently and fully employed. Currently, she

resides in a nursing home where she is receiving daily skilled nursing care for, she cannot care for herself and still has residual and permanent injuries from the hemorrhagic stroke that occurred as a result of the negligence care rendered on January 26, 2016.

41.     Therefore, as a direct and proximate result of the departures from the standard of care by the Health Care Provider, Ms. Koberstein has suffered permanent injury and damages and will continue to suffer in the future severe and permanent physical pain and suffering and a reduction in the ability to enjoy and participate in the normal activities of life, and possibly death.

42.     The Claimant has incurred and will continue to incur expenses and care associated with the providing of specific medical care associated with the hemorrhagic stroke and other sequelae and consequences from the procedure of January 26, 2016.

43.     Ms. Koberstein has incurred and will continue to incur a large number of costs and expenses including but not limited to 1) medical care from health care professionals such as doctors, nurses, therapists, etc.; 2) procedures/hospitalizations/surgeries including but not limited to sequelae and consequences associated with the January 26, 2016 procedure; 3) evaluations; 4) therapies; 5) diagnostic testing; 6) medications; 7) supplies; 8) equipment; 9) orthotics/prosthetics; 10) wheelchairs; 11); aides for independent living; 12) home care; 13) facility care; 14) case management; 15) transportation; 16) architectural renovations; and 17) potential complications. As a further and direct proximate cause of negligence of the Health Care Provider acting by and through its agents, servants and/or employees, Ms. Koberstein has suffered past lost wages and future wages.

WHEREFORE, Plaintiffs demand judgment against the defendant, the United States of America, for compensatory damages in excess of the $75,000 jurisdictional limit plus interest, costs and other permissible damages.

Respectfully submitted,

Stuart N. Herschfeld (Bar No. 12307)
Brault Graham, LLC
101 South Washington Street
Rockville, Maryland 20850
301-424-1060 (phone)
301-424-7991 (Fax)
snh@braultgraham.com
*Attorney for Plaintiff*